[Civ. No. 2806.    Second Appellate District, Division One.—May 11, 1920.]

CREDIT GUIDE COMPANY (a Corporation), Respondent, v. FIDELITY STORAGE AND MOVING COMPANY (a Corporation), Appellant.

[1] CLAIM AND DELIVERY—STATUTE OF LIMITATIONS—EVIDENCE—UNSUPPORTED FINDING.—In this action to recover possession of certain described personal property or the value thereof, the evidence was insufficient to sustain the court's finding that the cause of action was not barred by the provisions of the third subdivision of section 338 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Los Angeles County. S. M. Marsh, Judge presiding. Reversed.

The facts are stated in the opinion of the court.

Frederick A. Preston for Appellant.

D. Joseph Coyne for Respondent.

CONREY, P. J.—Action to recover possession of certain described personal property or the value thereof. Judgment entered in favor of the plaintiff, from which the defendant appeals.

[1] In the answer it was alleged that the action is barred by the provisions of subdivision 3 of section 338 of the Code of Civil Procedure, under which an action of this character must be commenced within three years from the time when the cause of action accrued. The property in

question belonged to plaintiff's assignor, Sarah B. Clark, and came into the possession of the defendant in December, 1912, or January, 1913. Mrs. Clark testified as follows: "I have requested and demanded the return of the goods which were missing on a number of occasions, as follows: at Los Angeles, one or two times at defendant's place of business, the loss of the box having been discovered in April, 1913; I demanded the same several months later; I was at that time advised that they could not locate the box or the contents, but that they said that they would continue their efforts; several times after the occasion mentioned, I took up the matter with the company and was again advised that they were still searching for the chest containing the articles mentioned but had not yet been successful." In connection with the testimony of Mrs. Clark, it appears that her demand had been made and was being insisted upon by her as early as January, 1914. On the 8th of that month defendant sent her a letter, stating that defendant was endeavoring to find the chest in which said goods were said to be contained, and asked her for a description of the chest and contents; on the 29th of the same month they sent her a second letter, acknowledging receipt of a letter from her of date January 19th giving the contents of the chest, and stating that they were moving the contents of their old warehouse into their new one, and "we are in hopes to find your chest in this way; if we do not, we will endeavor to make a settlement with you." This is practically all of the evidence bearing upon the time when the demand was made and when the claimant's right of action accrued. The action was not commenced until April 24, 1917. On these facts it seems to be established without any doubt that the evidence is insufficient to sustain the court's finding that the cause of action is not barred by the provisions of the third subdivision of section 338 of the Code of Civil Procedure.

The judgment is reversed.

Shaw, J., and James, J., concurred.